# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VALENTINE UKANDU,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
AT-0752-21-0261-I-1

DATE: December 8, 2022

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Matthew Fogg</u>, Washington, D.C., for the appellant.

<u>Sandra Fortson</u>, Esquire, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The appellant was employed as a GS-13 Contract Specialist with the agency.    Initial Appeal File (IAF), Tab 10 at 20.    A Defense Acquisition Workforce Improvement Act (DAWIA) Level II certification is a requirement for a GS-13 Contract Specialist.    IAF, Tab 20 at 2 (setting forth the parties' stipulations).    Effective March 2, 2021, the agency removed the appellant from the Federal service based on the charges of failure to maintain a condition of employment (1 specification) and lack of candor (2 specifications).    IAF, Tab 7 at 22-30.    The agency alleged that the appellant did not maintain a condition of employment because he did not possess a DAWIA Level II certification and that he lacked candor when he misstated his level of certification in the job application process.    *Id.* at 22-23.

¶3      The appellant filed a Board appeal challenging his removal.    IAF, Tab 1. He also raised affirmative defenses of harmful procedural error, prohibited personnel practices, unlawful discrimination, and retaliation for other protected activity.    *Id.* at 3.    The administrative judge issued an order informing the appellant how to prove his affirmative defenses, IAF, Tab 14 at 2-9, and an order setting forth the burden of proof and elements for the agency's charges of failure to maintain a condition of employment and lack of candor.    IAF, Tab 20 at 1-2.

¶4      After holding the appellant's requested hearing, the administrative judge issued an initial decision that affirmed the appellant's removal.    IAF, Tab 25, Initial Decision (ID) at 1, 15.    The administrative judge sustained the charge of failure to maintain a condition of employment because he found that a DAWIA Level II certification was required for contract specialists at or higher than GS-11, and the appellant's Level II certification was revoked in 2012.[2]    ID at 3-6.

---

[2] The agency's Acquisition Professional Development Program (APDP) Certification Manager explained that the appellant was given a DAWIA Level II certification erroneously before the process for agency acquisition certifications became automated in 2012.    IAF, Tab 23, Hearing Recording Day 1 (HR1) (testimony of the APDP Certification Manager).    The appellant's certification was deleted from the agency's

He noted that when, as here, there is no evidence of bad faith or patent unfairness, the Board defers to the agency's determinations as to the requirements that must be fulfilled in order for an individual to qualify for appointment to a particular position and to retain that position. ID at 6. The administrative judge sustained the charge of lack of candor, reasoning that the appellant made a knowing misrepresentation concerning his DAWIA Level II certification in applying for a Supervisory Contract Specialist position in October 2020 and in providing documents to an agency human resources employee showing that he had a Level II certification in November 2020. ID at 7-8. He found that the appellant failed to prove his claims of race, national origin, and age discrimination, retaliation for equal employment opportunity (EEO) activity, and harmful procedural error. ID at 8-13. Finally, the administrative judge found that the agency proved nexus and that removal was a reasonable penalty. ID at 13-14.

¶5       The appellant has filed a petition for review of the initial decision.[3] Petition for Review (PFR) File, Tab 2. He sets forth his extensive training in procurement matters, and he claims that he met the requirements for a DAWIA

---

system in 2012 due to the appellant's incomplete training, i.e., he had not completed a contracting course. *Id.* The agency's Training and Certification Help Desk Manager testified that he discovered that the appellant had not completed the requirements for DAWIA Level II certification in 2019 or 2020 when the appellant sought to attend training for DAWIA Level III certification. HR1 (testimony of the agency's Training and Certification Help Desk Manager).

[3] The appellant asserts that, although the agency removed his DAWIA Level II certification in 2011, he believed that the agency reinstated his Level II certification, in accord with a settlement agreement executed with the agency in 2014, but the agency did not do so. Petition for Review (PFR) File, Tab 2 at 5. The administrative judge correctly noted, in a compliance initial decision, that there was no term in that agreement that required the reinstatement of the appellant's DAWIA Level II certification. *See Ukandu v. Department of the Air Force*, MSPB Docket Nos. CH-531D-13-0343-C-2, CH-0432-13-0372-C-2, Compliance Initial Decision at 4-5 (June 22, 2021).

Level II certification. *Id.* at 4-5. The agency has filed a response.[4] PFR File, Tab 4.

## ANALYSIS

¶6 The charge of failure to fulfill a condition of employment contains two elements: (1) the requirement at issue is a condition of employment; and (2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014). Absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to qualify for appointment to, or retention in, a particular position. *Id.*

¶7 In this appeal, the condition of employment at issue is a DAWIA Level II certification. IAF, Tab 7 at 22. It is undisputed that the certification is a requirement for the appellant's position, and thus, the first element of the charge is satisfied. IAF, Tab 20 at 2. The issue is whether the second element—that the appellant failed to meet a condition of employment—is satisfied.

¶8 On review, the appellant reiterates that he met the requirements for a DAWIA Level II certification. PFR File, Tab 2 at 4. The administrative judge considered the appellant's testimony on the matter, but he found that the agency's Training and Certification Help Desk Manager credibly testified that the academic documentation submitted by the appellant was not adequate equivalent coursework to support substitution for the agency's coursework requirements. ID at 5; IAF, Tab 23, Hearing Recording Day 1 (HR1) (testimony of the agency's Training and Certification Help Desk Manager). Thus, the administrative judge

---

[4] Nearly a year after the close of the record on petition for review, the appellant filed a reply to the agency's response to the petition for review. PFR File, Tab 5. Because the appellant has not shown that the arguments in the pleading are new and material and that they could not have been raised prior to the close of the record, we have not accepted them for consideration. *See* 5 C.F.R. § 1201.114(k). As we are remanding this matter, the appellant may make his arguments in the remand proceeding consistent with the administrative judge's instructions and the Board's regulations.

found that the appellant failed to meet the agency's requirement and that the agency proved its charge of failure to maintain a condition of employment. ID at 6.

¶9        However, in appeals such as this, when the agency controls the withdrawal or revocation of a certification necessary to perform in a position, the Board's authority generally extends to a review of the merits of that withdrawal or revocation. *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶¶ 10, 19 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008). Specifically, in *Adams*, the agency suspended the appellant's computer access and then removed him for failure to maintain access to the agency's computer system. *Id.*, ¶ 6. Although the agency in that appeal argued that the Board lacked the authority to review the merits of the decision to suspend computer access because it was not an appealable adverse action, the Board found that, when a removal is based on the failure to possess a certification or similar qualification, it had the authority to review the merits of the agency's revocation of the certification or similar qualification necessary for the employee to hold his position.[5] *Id.*, ¶¶ 9-10.

¶10       Similarly, in *Siegert v. Department of the Army*, 38 M.S.P.R. 684, 685-86 (1988), the agency revoked the appellant's clinical privileges and then removed him from his Clinical Psychologist position for failure to maintain those privileges. The Board found that it had the authority to review the actions of the agency credentialing committee and remanded the appeal to the administrative judge to address that issue. *Id.* at 691. Finally, in a case very similar to the instant appeal, *McGillivray v. Federal Emergency Management Agency*, 58 M.S.P.R. 398, 402 (1993), the agency removed the appellant based on the loss of his procurement authority, and the Board found that it had the authority to

---

[5] The certification at issue in this appeal and in the appeals discussed in this decision do not involve national security determinations, over which the Board lacks jurisdiction. *Adams*, 105 M.S.P.R. 50, ¶ 11; *see Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988).

consider the reasons underlying the agency's decision to revoke the employee's procurement authority.[6]

¶11    Because the administrative judge failed to fully identify the issues in this appeal, and the parties did not have the opportunity to fully develop the record on those issues, remand is required. On remand, the administrative judge shall afford the parties the opportunity to conduct discovery and submit additional evidence and argument. The administrative judge shall hold a supplemental hearing, if requested by the appellant, and shall issue a new initial decision addressing the agency's charges,[7] nexus, penalty, and the appellant's affirmative defenses.[8] *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (stating that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the

---

[6] The Board has followed the principle applied in *Adams*, *Siegert*, and *McGillivray* in other cases. *See, e.g.*, *Jacobs v. Department of the Army*, 62 M.S.P.R. 688, 694-95 (1994) (reviewing a security guard's disqualification from the agency's Chemical Personnel Reliability Program based on his alleged misconduct); *Cosby v. Federal Aviation Administration*, 30 M.S.P.R. 16, 17-19 (1986) (reviewing an Air Traffic Control Specialist's decertification under the agency's medical standards).

[7] On petition for review, the appellant does not specifically challenge the administrative judge's determination that the agency proved the lack of candor charge. Because we are remanding the case for further proceedings regarding the charge of failure to maintain a condition of employment, the administrative judge should determine on remand whether any additional evidence developed on remand affects his analysis of the lack of candor charge. If he determines that new findings regarding the lack of candor charge are not needed, the administrative judge may adopt his prior findings regarding that charge in his new initial decision.

[8] Regarding the appellant's affirmative defenses of race, national origin, and age discrimination and retaliation for prior EEO activity, the administrative judge should apply the standards of proof set forth in *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 21-22. The administrative judge shall apprise the appellant that, although he may prevail on these claims by showing that the prohibited consideration was a motivating factor in the contested personnel action, but-for causation is required in order for him to obtain full status quo ante relief, including reinstatement, back pay, and damages. *See id.*, ¶¶ 21-22, 24 n.5. Furthermore, the appellant should be aware that there are multiple methods of proof for a discrimination or reprisal claim. *See id.*, ¶ 24.

administrative judge's conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶12　　For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:　　　　　　　 /s/ for
　　　　　　　　　　　　　　　　Jennifer Everling
　　　　　　　　　　　　　　　　Acting Clerk of the Board
Washington, D.C.